Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5593 | **DATE** | 5/17/2001 |
| **CASE TITLE** | SCHOOL. STUFF INC vs. SCHOOL. STUFF INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendant's motions to dismiss to Rule 12(b)(2) and 12(b)(3) and motion , in the alternative, to transfer venue pursuant to 28 U.S.C. Section 1404 are denied. Status hearing set for 5/30/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 21 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 MAY 18 PM 4:34 | |
| | | MAY 21 2001 | |
| | | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCHOOL STUFF, INC., an Indiana corporation, | ) ) ) |
| Plaintiff, | ) ) No. 00 C 5593 |
| v. | ) ) Judge Ronald A. Guzman ) |
| SCHOOL STUFF, INC., an Arizona corporation, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER



MAY 21 2001

School Stuff, Inc. ("plaintiff"), an Indiana corporation, has filed a four-count complaint alleging trademark infringement and dilution under the Lanham Act, as well as violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act against defendant School Stuff Inc., an Arizona corporation. Defendant has moved to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). Additionally, the defendant has moved to dismiss this action for improper venue pursuant to Rule 12(b)(3) or in the alternative to transfer venue from the Northern District of Illinois to the District of Arizona pursuant to 28 U.S.C. § 1404. For the reasons stated below, defendant's motions are denied.

# FACTS

Plaintiff provides mail order, retail store, and door-to-door shopping services in the field of educational and school supplies and maintains two retail stores in Illinois, two in Indiana, and one in Minnesota. (Compl. ¶ 6.) On November 21, 1995, the School Stuff mark was registered upon the Principal Register of the United States Patent and Trademark Office as United States Registration No. 1,936,888. (*Id.* ¶ 10; *id.*, Ex. A.) On February 6, 1996, the School Stuff mark and design was registered upon the Principal Register of the United States Patent and Trademark Office as United States Registration No. 1,954,489. (*Id.* ¶ 11; *id.*, Ex. B.) Plaintiff has continuously used its School Stuff marks in connection with the sale of educational and school supplies since 1979 and has established good will and reputation through such marks. (*Id.* ¶¶ 7, 14.)

Defendant sells educational and school supplies via mail order, retail stores, and an Internet website under the name or mark "School Stuff." (*Id.* ¶¶ 15-16; *id.*, Ex. D.) Defendant began using the School Stuff mark after plaintiff began using its School Stuff mark. (*Id.* ¶ 17.)

Defendant argues that it has never owned or rented any property within the State of Illinois. Defendant argues that it has never sent any salesmen into Illinois, appeared at any trade show in Illinois, or advertised in any publications or trade magazines that are circulated into Illinois. Defendant operates out of two Arizona retail locations and further maintains a warehouse in Arizona.

The basis of personal jurisdiction alleged by plaintiff is that defendant is doing

business in Illinois via the Internet. Defendant claims that it did not begin to sell online until December of 1998. The total Internet sales up to the time of this action were $8,748.61. The defendant asserts that over the past two years Internet sales into Illinois total $447.09. The defendant claims that these isolated sales cannot suggest a claim that defendant are subject to the personal jurisdiction of this Court.

## DISCUSSION

### I. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant has moved to dismiss for lack of personal jurisdiction and improper venue, and, in the alternative has moved to transfer venue pursuant to 28 U.S.C. § 1404(a). We address each in turn.

Rule 12(b)(2) provides for dismissal of claims when the district court lacks personal jurisdiction. FED. R. CIV. P. 12(b)(2). On a Rule 12(b)(2) motion to dismiss, a plaintiff must provide sufficient evidence to establish a *prima facie* case for personal jurisdiction. *LFG, LLC v. Zapata Corp.*, 78 F. Supp. 2d 731, 734 (N.D. Ill. 1999). In a federal question case, this standard is met where the plaintiff demonstrates that a defendant is amenable to service of process and that bringing the defendant into court "comports with Fifth Amendment Due Process." *Id.* When reviewing a motion to dismiss, the court takes all jurisdictional allegations in the complaint as true unless controverted by the defendant's

affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Any conflicts must be resolved in favor of the plaintiff. *Id.*

A court may assert either specific or general jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, SA v. Hall*, 466 U.S 408, 414 (1984). A defendant domiciled in a forum state or who has conducted activity in such state that is "continuous and systematic" is subject to the general jurisdiction of that state. *Id.* In this case, the defendant is domiciled in Arizona and has conducted only a small portion of its overall business in Illinois. Therefore, general jurisdiction cannot be established over the defendant since defendant's activities in this forum are not continuous and systematic.

Specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant if the defendant has established minimum contacts with a forum under the principles of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny. In federal cases, the plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; (2) the plaintiff must establish that haling defendant into court is consistent with the Fifth Amendment's due process clause. *LFG*, 78 F. Supp. 2d at 734 (citing *United States v. De Ortiz*, 910 F. 2d 376, 381-82 (7th Cir. 1990)).

First, amenability to service is governed by Illinois' long-arm statute. The statute permits Illinois courts to exercise personal jurisdiction to the fullest constitutional limit. Because of Illinois' broad long-arm statute, "the statutory analysis collapses into a due process inquiry, and we need not consider whether defendants engaged in any of the acts

enumerated in the long-arm statute." *LFG*, 78 F. Supp. 2d at 735.

Second, in determining whether personal jurisdiction is consistent with due process, the Court must address whether defendant purposefully established minimum contacts with the forum state. *CoolSavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1002 (N.D. Ill. 1999). The Supreme Court in *Burger King Corp. v. Rudzewicz* dispensed with the requirement of physical presence in order to establish minimum contacts by stating "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." 471 U.S. 462, 476 (1985). The pivotal and essential question in the due process analysis is whether a defendant "purposefully availed" himself of the privilege of acting in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The question is whether "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.*

In considering the issue of personal jurisdiction in the context of the Internet, courts have developed a sliding scale analysis to determine what level of Internet interaction subjects a defendant to personal jurisdiction. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000); *LFG*, 78 F. Supp. 2d at 736. This analysis consists of three levels: (1) where the defendant conducts business over the Internet through its active web site; (2) where the defendant maintains an interactive web site; and (3) where the defendant maintains a passive web site. *Id.*

The first level consists of situations where the defendant clearly does business over the Internet. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa 1997). "If the defendant enters into contracts with residents of a foreign jurisdiction . . . over the Internet, personal jurisdiction is proper." *Id.* The second level "is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.* The third level consists of a passive web site that is only informative in nature. *Id.*

The issue presented before us is not one that involves the second or third levels of interactive or passive web sites. Additionally, this Court declines to comment on the issue of whether the sole maintenance of an active web site, capable of conducting business in numerous jurisdictions, is sufficient for a defendant to have submitted to personal jurisdiction in such jurisdictions. This area of the law is in a state of development and broad generalizations can lead to unfair results.

However, this Court holds that when business is clearly conducted over the Internet between a defendant and citizens of a foreign jurisdiction, the exercise of personal jurisdiction is appropriate. The defendant argues that "something else" besides Internet presence is required in order for a court to assert personal jurisdiction. The defendant goes to great lengths to minimize the sales it made to Illinois residents. The defendant began selling online in December of 1998 and since then has total Internet sales of $8,748.61. Of

defendant's total sales, $447.09 have been to Illinois residents. Even if we were to agree with defendant's proposition that something else other than Internet presence is necessary, clearly the $447.09 of sales to Illinois residents goes beyond mere Internet presence so that the Court may assert personal jurisdiction in this case. In sum, defendant's activities in actively selling school supplies to Illinois residents established the minimum contacts with Illinois to satisfy the due process inquiry. By choosing to do business in Illinois, the defendant purposefully availed itself of the privilege of conducting activities in Illinois and, therefore, should reasonably anticipate being haled into court in Illinois. *World-Wide Volkswagen Corp.*, 44 U.S. at 297; *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996); *CoolSavings.com, Inc.*, 53 F. Supp. 2d at 1002-03.

If the defendant did not want to be haled into a court in Illinois, it should have never conducted business with the residents of this state. By purposefully doing business with a particular state and thereby receiving the benefits, the defendant should reasonably have anticipated potentially being haled into court here. If the defendant did not want to do business with particular states it could have easily limited its offer on its Internet site to only those states with which it wanted to do business.

The second requirement for personal jurisdiction is that the claim arise out of or relate to the defendant's contacts with the forum. *Burger King Corp.*, 471 U.S. at 472. In this case, plaintiff's claims arise from or relate to defendant's alleged infringement of plaintiffs nationally protected mark both in Illinois and throughout the country. Defendant's alleged use of these marks will have an impact and injure plaintiff in Illinois

where defendant and plaintiff actively sell their products.

Next, the Court must turn to the reasonableness analysis and examine whether the exercise of personal jurisdiction conforms to "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under this analysis the defendant bears the significant burden of demonstrating "a compelling case that jurisdiction would be constitutionally unreasonable." *CoolSavings.com, Inc.*, 53 F. Supp. 2d at 1005 (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995)).

The defendant does not meet this burden. Illinois has a strong interest in adjudicating injuries such as trademark infringement in relation to corporations that are located within its borders. Even though it may be a burden on defendants to defend a lawsuit in Illinois, the courts have been more and more willing to impose such a burden upon defendants due to advances in communication and transportation. "[P]rogress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome." *World-Wide Volkswagen Corp.*, 444 U.S. at 294. The defendant continues to argue that because it merely made isolated sales to Illinois and because it is an Arizona company, it is unreasonable for it to defend in Illinois. These arguments do not present a compelling case establishing that personal jurisdiction over it would be unreasonable. For the reasons stated above, we hold that the Court may exercise personal jurisdiction over defendant, and the Court denies defendant's motion based on this ground.

Next, defendant has moved to dismiss based on improper venue. Pursuant to the federal venue statute, "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Defendant, for the reasons set forth above, is subject to personal jurisdiction in this forum and, therefore, the Northern District is the proper venue for this lawsuit. The Court thus dismisses defendant's motion to dismiss based on venue.

## II.  MOTION TO TRANSFER

Lastly, defendant, pursuant to 28 U.S.C. § 1404(a), seeks to transfer this case to the District of Arizona. According to section 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. A section 1404(a) motion to transfer venue is appropriate only if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witness; and (3) transfer is in the interest of justice. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).

The party seeking to transfer venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and

therefore, is committed to the sound discretion of the trial judge." *Id.* at 219. We have already determined that venue is proper in this district, and because defendant is an Arizona corporation, venue is also proper in the District of Arizona. Therefore, the only issues that remain to be decided pertain to the convenience of parties and witnesses and the interests of justice.

### A. CONVENIENCE OF PARTIES AND WITNESSES

When evaluating the convenience of the parties and witnesses, we consider: (1) the plaintiffs choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995).

#### 1. Plaintiff's Choice of Forum and Site of Material Events

Plaintiff chose the Northern District of Illinois to litigate this case. Generally, the plaintiffs choice of forum is given substantial weight. *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982). This factor clearly favors plaintiff. Plaintiff has had a significance presence in Illinois for over twenty years. Two of plaintiffs stores are located in Illinois and most of its employees and officers live in the Chicago area.

With respect to the site of material events, the defendant is located in Arizona. However, defendant allegedly infringed plaintiff's trademark through its Internet business. Thus, the site of material events in this case is potentially everywhere defendant's Web site

is accessible. Therefore, this factor neither favors nor disfavors the transfer of venue to Arizona.

### 2. Availability of Evidence and Convenience of the Parties

Defendant asserts that access to the sources of proof is easier in Arizona and, thus, this factor should favor transfer. However, as other courts have pointed out, regardless of where the trial is held, all relevant documents will be collected, copied, inspected and sent to the offices of trial counsel in both Arizona and Chicago. *CoolSavings.com, Inc.*, 53 F. Supp. 2d at 1006. Again, this factor neither favors nor disfavors the transfer of venue to Arizona.

As for the factor of convenience to the parties, this factor is not intended to shift the inconvenience from the defendant to the plaintiff. We will not transfer this case solely because it will be more convenient for the defendant to defend the lawsuit in Arizona for this will only shift the inconvenience to the plaintiff. *Id.*

In sum, the Court gives plaintiff's original choice of forum considerable weight and no other consideration counterbalances that weight. Thus, the "convenience of parties and witnesses" factor weighs against transfer.

### B. INTERESTS OF JUSTICE

The interests of justice component includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3)

11

the desirability of resolving controversies to their locale; and (4) the relation of the community to the occurrence at issue." *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 834 (N.D. Ill. 1999).

In this case, the Court's familiarity with the applicable law and the desirability of resolving a case in a particular forum clearly favors the denial of transfer. In addition to the trademark infringement claims, there are two state law claims – one brought under the Illinois Consumer Frauds Act and another under the Illinois Uniform Deceptive Trade Practices Act. This Court would have more familiarity with the applicable state law claims than would the District of Arizona. Likewise, Illinois has a strong interest in adjudicating injuries to the intellectual property rights of businesses that operate in this state.

In sum, defendant has failed to meet its burden. For the reasons stated, the Court finds that the factor of convenience of the parties and witnesses weighs in favor of proceeding with the litigation in this district. Additionally, the "interests of justice" analysis also favors proceeding in this district. Therefore, defendant's motion to transfer the case pursuant to 28 U.S.C. § 1404 is denied.

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motions to dismiss pursuant to Rule 12(b)(2) and 12(b)(3) and motion, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404 [docket nos. 7-1, 7-2].

**SO ORDERED.**  ENTER:  5/17/07

*[signature]*
**HON. RONALD A. GUZMAN**
**United States Judge**